TURNER *vs.* PULLY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The articles of the *Louisiana Code,* relative to putting a party in default, do not apply to a claim of damages for an alleged trespass; they relate solely to obligations arising out of contracts.

The plaintiff averred that he was the lessee and occupant of two warehouses, situated on the batture, in front of suburb Delor, of the city of New-Orleans, and that the defendant in the years 1831 and 1832, had at divers times committed various trespasses on the property; that he had thrown various obstacles in the way of the peaceable enjoyment of the plaintiff, particularly as to the landing in front of the premises, by placing there rafts and other obstructions, by which the plaintiff had sustained damages amounting to five hundred dollars.

The defendant pleaded the general denial, and that he had not been legally put in default.

The cause was submitted to a jury, by whom a verdict was returned for the plaintiff. Judgment having been rendered, the defendant appealed.

MATHEWS, J., delivered the opinion of the court.

This is a suit in which remuneration is claimed for damage, alleged to have been caused by the defendant to the plaintiff, by improperly interrupting the landing in front of the warehouse of the latter, by attaching to it, and suffering rafts of timber to remain an unreasonable time at said landing.

The answer contains a general denial, and a plea that the defendant had not been put in default, so as to entitle the plaintiff to any damage. The cause was submitted to a jury in the court below, who found a verdict for the plaintiff, and assessed his damage at one hundred dollars, on which judgment was rendered, and the defendant appealed.

The decision of the case depends principally on matters of fact, and on the facts, after a strict examination of the testimony, we are unable to discover any good reasons to differ from the jury in their conclusion. The question raised by that part of the answer which denies that the defendant was put *in morâ*, previous to bringing the suit, must be solved by an interpretation of the articles of the *La. Code*, which treat of the modes in which debtors may be put in default, &c.

The present action is commenced to recover damages for an alleged tresspass; consequently it is believed that the articles of the code above referred to, do not apply to the case. See them from 1904 to 1913. They are found in the second section of the chapter which treats of the effect of obligations, and from their entire context, they seem to have reference solely to obligations arising out of contracts. But in the present suit, the evidence shows that the defendant was requested to remove the impediments, which had been placed by him, to the free use of the landing in front of the plaintiff's property, and this at the instance of the latter.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Martin* and *Schmidt*, for plaintiff and appellee.

*Preston*, for defendant and appellant.

The articles of the *Louisiana Code*, relative to putting a party in default, do not apply to a claim of damages for an alleged trespass; they relate solely to obligations arising out of contracts.